UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

THE ORIENTAL INSURANCE CO., LTD.,  )
a/s/o ORCHID HEALTHCARE,           )
                                   )
         Plaintiff,                )
                                   )    No. 08 C 4936
    v.                             )
                                   )    Judge John W. Darrah
BAX GLOBAL, INC. and KOREAN        )
AIR LINES CO., LTD.,               )
                                   )
         Defendants.               )

## MEMORANDUM OPINION AND ORDER

Plaintiff, The Oriental Insurance Co., Ltd. ("Oriental"), as subrogee of Orchid HealthCare ("Orchid"), a division of a corporation that manufactured and distributed pharmaceuticals, filed a five-count complaint against Defendants BAX Global, Inc. ("BAX") and Korean Air Lines Co., Ltd. ("KAL") based on damage suffered to cargo during transpacific shipment. Oriental asserts four claims against KAL: "Direct Air Carrier Liability" (Count I), breach of bailment (Count III), breach of contract (Count IV) and a claim under the Warsaw Convention[1] (Count V). Before the Court is KAL's motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.[2]

---

[1] The Warsaw Convention is the common name for the Convention for the Unification of Certain Rules Relating to International Transport by Air [Warsaw Convention], Oct. 12, 1929, 49 Stat. 3000.

[2] BAX has been dismissed from the case.

## BACKGROUND

This case arises from a shipment by Orchid of 955 boxes of Cefazolin Injection ("the cargo") from Chennai International Airport in India to O'Hare International Airport in Chicago, Illinois, pursuant to a contract between Orchid and BAX, who acted as an indirect air carrier. BAX entered into a contract with KAL to transport the cargo from Chennai to O'Hare. On August 27, 2006, KAL transported the cargo from Chennai to Incheon International Airport, in Seoul, South Korea. KAL then shipped the cargo from Incheon to O'Hare. The cargo arrived at O'Hare on September 1, 2006, and was then released by KAL to BAX on the following day. At the time KAL released the cargo to BAX, BAX's agent made the notation "5 BOXES WET" on the Notification of Transfer. On September 3, 2006, BAX submitted a Preliminary Notice of Loss or Damage to KAL (the "subrogation letter") regarding the cargo. The subrogation letter informed KAL that BAX would look to KAL for reimbursement for any claims filed against BAX due to loss of or damage to the cargo. On September 11, 2006, the ultimate consignee rejected the delivery of the cargo and the entire cargo was destroyed as a total loss.

## LEGAL STANDARD

In ruling on a motion to dismiss, the court must accept as true all well-pleaded factual allegations and draw reasonable inferences in favor of the plaintiff. *Sprint Spectrum L.P. v. City of Carmel, Ind.*, 361 F.3d 998, 1001 (7th Cir. 2004). Federal Rule of Civil Procedure 8(a)(2) requires that the complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." To meet Rule 8(a)(2)'s requirements, the complaint must describe the claim in sufficient detail to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S.544, 127 S.Ct.

1955, 1964 (2007) (*Bell Atlantic*) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957). Second, the complaint "must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level'; if they do not, the plaintiff pleads itself out of court." *E.E.O.C. v. Concentra Health Serv., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (citing *Bell Atlantic*, 550 U.S. 544, 127 S.Ct. at 1965, 1973 n. 14).

## ANALYSIS

KAL raises several arguments against Counts I, III and IV of Oriental's complaint, among them that those claims are preempted by a treaty between India and the United States, specifically, the Warsaw Convention. The Warsaw Convention, signed on October 12, 1929, was amended on September 28, 1955, under the Hague Protocol. The United States has since ratified other amendments to the Warsaw Convention, but India has not. Thus, the Warsaw Convention of 1929 as amended by the Hague Protocol of 1955 governs this case. Oriental, in its brief in response to KAL's motion, does not dispute that the Warsaw Convention governs the case or that under the Warsaw Convention, its state-law claims, Counts I, III and IV, are preempted. Therefore, KAL's motion to dismiss is granted with respect to Counts I, III and IV.

KAL argues that Oriental's claim under the Warsaw Convention (Count V) must be dismissed because KAL was not provided with timely notice of the claim for damages. Article 26(2) of the Warsaw Convention provides that the person entitled to receive the cargo must make a complaint to the carrier in writing of damage to the cargo within fourteen days from the date of receipt of the cargo. Specifically, Article 26(2) provides:

> In the case of damage, the person entitled to delivery must complain to the carrier forthwith after the discovery of the damage, and, at the latest, within seven days from the date of receipt in the case of baggage and fourteen days from the date of receipt in the case of cargo.

3

Convention for the Unification of Certain Rules Relating to International Transport by Air [Warsaw Convention], Oct. 12, 1929, 49 Stat. 3000, art. 26(2). Article 26(4) provides that "[f]ailing complaint within the times aforesaid, no action shall lie against the carrier, save in the case of fraud on his part." *Id.* at Art. 26(4). KAL argues that Oriental has not alleged that Orchid provided the required notice to KAL.

Oriental argues that it has sufficiently alleged notice to KAL by the September 3, 2006 subrogation letter (exhibit D to the Complaint). Specifically, Oriental argues first that the subrogation letter from BAX to KAL satisfies the notice requirement of Article 26 because BAX, at least in relation to KAL, was "the person entitled to delivery"; and second, that actual notice of damage, rather than written notice, satisfies Article 26(2). KAL responds that written notice is required under Article 26(2), BAX was not the person entitled to delivery and, even if notice from BAX to KAL could qualify as written notice under Article 26(2), the subrogation letter from BAX was not sufficient to provide that notice.

Oriental relies on *Mashinenfarkik Kern, A.G. v. Northwest Airlines, Inc.*, 562 F.Supp. 232 (N.D. Ill. 1983) (*Kern*), in support of its position. In *Kern*, the plaintiff was the owner of duplicating machines that were being shipped from Chicago to Switzerland. Although the machines traveled on Northwest Airlines, British Airways and finally on Swiss Air, the plaintiff brought suit only against Northwest. When the machines arrived in Switzerland, agents of Swiss Air noticed damage and prepared a "cargo damage report." Although, the plaintiff did not provide written notice of the damage to Northwest, the *Kern* court held that the cargo damage report prepared by Swiss Air's agents satisfied the Article 26(2) notice requirement. *Kern*, 562 F.Supp. at 236. The court reasoned the "timely written notice to one carrier in the chain of a

4

unitary transportation of damaged goods is . . . [i]n effect, . . . notice to all." *Kern*, 562 F.Supp. at 236. In reaching this conclusion, the court made no finding that Swiss Air was the person entitled to delivery or that Northwest was aware of the cargo damage report. Independent of the Swiss Air cargo damage report, the *Kern* court held that written notice was not required under Article 26(2) because "Northwest had *actual notice* of at least possible damage to the duplicating machines even before the machines began their air trip to Switzerland." *Kern*, 562 F.Supp. at 237 (emphasis original).

*Kern*, therefore, not only disregards the express requirement of Article 26(2) that the notice must come from the person entitled to delivery, but also effectively obviates the entire requirement of written notice if the carrier had actual notice of the possibility of damage. Other courts have refused to go this far. *See Onyeanusi v. Pan Am*, 952 F.2d 788 (3rd Cir. 1992) (written notice necessary even when the carrier might have actual or constructive knowledge) (citing *Stud v. Trans Int'l Airlines*, 727 F.2d 880 (9th Cir. 1984)); *Ewig International Marine Corp. v. American Airlines, Inc.*, 914 F.Supp. 1543, 1554 (N.D. Ill. 1995) (*Ewig*) (actual notice of only the possibility of damage did not satisfy the written notice requirement of Article 26(2)). Because of *Kern's* departure from the text of Article 26, as well as the case law to the contrary, the Court declines to follow *Kern's* holding that actual notice is sufficient.

The remaining questions then are whether BAX is the person entitled to delivery and, if so, whether the subrogation letter qualifies as written notice under Article 26. Both these questions must be answered in the negative. First, the person entitled to delivery is the person to whom the cargo should ultimately be delivered, not the next company in the chain of carriers. *See Ewig*, 914 F.Supp. at 1551-52 (Article 26(2) requires written notice from the *injured party*)

5

(emphasis added). BAX was merely one of the companies contracted to ship the cargo, not the person entitled to delivery. Furthermore, even if BAX was the person entitled to delivery, the subrogation letter from BAX to KAL cannot satisfy the notice requirement because it contains no specific information about the loss claimed. *See Highlands Ins. Co. v. Trinidad and Tobago (BWIA Intern.) Airways Corp.*, 739 F.2d 536, 540 (11th Cir. 1984) ("One purpose of requiring written notice is to inform the carrier adequately of the nature of the damages claimed."). The subrogation letter does not specify the nature or amount of damages or even whether the claim was for loss or for damage. Rather, it merely informs KAL that if a claim is filed against BAX, BAX would look to KAL for reimbursement.

Therefore, Oriental has not sufficiently alleged that KAL received the required notice under Article 26. KAL's motion to dismiss the claim under the Warsaw Convention (Count V) is, therefore, granted.

## CONCLUSION

KAL's motion to dismiss is granted. Oriental is given thirty days to file an amended complaint, if it can do so consistent with Rule 11.

Dated: January 28, 2009

JOHN W. DARRAH
United States District Court Judge

6